UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER, JR.,

Plaintiff,

v.

RACHINA KALIA, *et al.*,

Defendants.

Case No. 2:25-cv-3744-TLN-JDP (P)

ORDER TO SHOW CAUSE

Plaintiff, a state prisoner, filed this section 1983 action on December 29, 2025. On May 6, 2026, the district judge denied his application to proceed *in forma pauperis* and directed him to tender the filing fee within twenty-one days. ECF No. 12. The deadline has passed and plaintiff has not tendered the filing fee or sought additional time to do so.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure

to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

I will give plaintiff a chance to explain why the court should not dismiss the case for his failure to pay the filing fee. Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in a recommendation that this action be dismissed.

Accordingly, it is ORDERED that within fourteen days, plaintiff shall show cause why this case should not be dismissed for failure to prosecute and failure to comply with court orders. Should plaintiff wish to continue with this lawsuit, he shall address the matter of the filing fee within that fourteen-day deadline.

IT IS SO ORDERED.

Dated: August 28, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE